DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KAREN BEAUSEY (CABN 155258)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6598
FAX: (415) 436-7234
Karen.Beausey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$26,080 in United States Currency,<br><br>Defendant. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, by its attorneys, David L. Anderson, United States Attorney, and Karen Beausey, Assistant United States Attorney for the Northern District of California, brings this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a judicial forfeiture action, as authorized by Title 21, United States Code, Section §§ 853 and 881(a)(6), involving the seizure and forfeiture to the use and benefit of the United States of America the following property:

$26,080 in United States Currency seized by law enforcement officers from the United States

mail on or about May 29, 2020, and currently in the custody of the United States Postal Service ("USPS");

(hereinafter, "Defendant Property"), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, and thereby forfeitable pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(6).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Property is located in this district.

4. Intra-district venue is proper in the San Francisco within the Northern District of California.

## PARTIES

5. Plaintiff is the United States of America.

6. The Defendant Property consists of $26,080 in United States Currency seized by law enforcement officers from the United States mail on or about May 29, 2020, and currently in the custody of the USPS.

## FACTS

7. On May 20, 2020, Postal Inspectors conducted routine electronic parcel profiling activities at the USPIS San Francisco Division headquarters located in Richmond, CA. During the examination of postal records, Inspectors identified Priority Mail parcel # 9505 5105 7438 0140 8563 21 as possessing several characteristics consistent with parcels containing controlled substances and/or proceeds of narcotics trafficking. The parcel was addressed to "John Clark, 1792 Beverly Drive, Arcata, CA 95521," with a return address of "T. Clark, 939 Samual Street, Louisville, KY 40204." Inspectors

contacted the USPS mail delivery unit and requested that the parcel be sent to the USPIS San Francisco Division Headquarters for further investigation.

8. On May 26, 2020, the parcel arrived at USPIS Division Headquarters in Richmond, CA. Examination of the exterior of the parcel revealed it displayed several characteristics United States Postal Inspector Mark Hodges[1] knows, from his training and experience, are associated with the mailing of drug and/or drug proceeds.

9. Initially, the parcel number (9505 5105 7438 0140 8563 21), which is usually printed on a computer-generated label, was in this case hand written. Narcotics and other contraband traffickers will often hand-write the labels attached to the mail piece instead of utilizing the customary pre-printed label, as a means of avoiding the use of businesses that keep a record of such transactions. Legitimate businesses customarily utilize computer generated pre-printed labels for Priority Mail Service.

10. In addition, the zip code of the location from which the parcel was actually mailed was different from the zip code listed in the return address of the parcel. Narcotics traffickers will often mail parcels containing narcotics or narcotics proceeds at post offices not associated with their actual residences in order to avoid detection.

11. The parcel was also heavily taped at the seams, which is done to conceal the odor of the contents of the package. Individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials of packages as they assemble them. Packaging materials are also often stored in close proximity to the controlled substances, which also results in the transfer of the odor of the controlled substances to the packaging materials. Traffickers are

[1] PI Hodges has been an Inspector with the United States Postal Service for 13 years. He is currently assigned to the San Francisco Division as the Team Leader for Contraband Interdiction and Investigation (CI2). His responsibilities include supervising investigations of the unlawful use of the U.S. Mail for criminal activity, including the transportation of contraband materials through the U.S. Mail. As part of his training and experience, he completed the twelve week Basic Inspector Training program in investigative techniques at the USPIS Career Development Division located in Potomac, Maryland, and one week of Prohibitive Mailing Narcotics Training instructed by the USPIS.

concerned about the presence of these odors because narcotic canines are trained to alert on these scents.

12. A search of law enforcement databases for the sender name and address on the package revealed the listed address (939 Samual Street, Louisville, KY 40204) was not a valid address. A further search revealed a correct address of 939 Samuel Street, Louisville, KY 40204. PI Hodges is aware of an emerging trend in which individuals mailing controlled substances or the proceeds of drug sales will use fictitious names, fictitious addresses, previous addresses, or abbreviations in names and addresses in an effort to avoid connecting the package to their actual names and addresses and remain anonymous. One method seen for "generating" fictitious addresses is to misspell the name of a real street. This allows the trafficker to avoid creating a direct connection between a package and a real address, while keeping the name close enough so as not to arouse suspicion and so as to provide a plausible explanation should they be confronted with the invalid address.

13. A search of law enforcement public records databases revealed no "T. Clark" associated with the address 939 Samuel Street, Louisville, KY 40204. However, contact with the Post Office that delivers to the 40204 zip code revealed that two names receiving mail at that address are Heather Grimes and Timothy Clark.

14. As noted above, the recipient name and address listed on the package were "John Clark, 1792 Beverly Dr., Arcata, CA 95521." A search of law enforcement public records databases revealed no "John Clark" associated with that address. Contact was made with the Post Office that delivers to the 95521 zip code. The postal carrier who delivers on that route reported that a lot of random names have mail delivered to that address, but did not specifically recall John Clark as a mail recipient at that address.

15. In the past, parcels mailed within the United States bearing the same characteristics as the parcel herein have been found to contain controlled substances and monetary instruments.

16. The U.S. Mail is often used by narcotics traffickers to transport controlled substances and

U.S. currency derived from the sale and distribution of controlled substances. Traffickers are aware that Express, Priority, and First Class mail services provided by the USPS are protected against warrantless inspections. Additionally, traffickers know by using Priority Mail Express they can track their parcels, dispatch times and locations, and (importantly), have a guarantee of delivery in one to three business days. Traffickers also know that when using Priority Mail Express, any delay in delivery could be an indication that the package has been compromised by law enforcement.

17. The parcel was presented for examination to a certified San Francisco Police Department Canine handler and his narcotics detection canine, " Mac." The canine handler informed the Postal Inspector that upon examining the parcel, " Mac" exhibited a change in behavior consistent with having detected the presence of the odor of a controlled substance he is certified to detect.

18. On May 29, 2020, Postal Inspectors obtained a federal search warrant for the parcel bearing hand-written parcel number 9505 5105 7438 0140 8563 21. Execution of the search warrant revealed the box contained nine (9) pillow cases, one (1) dumb bell, one (1) purple shirt, one (10 striped shirt, and two (2) Poptarts boxes. Examination of the two Poptarts boxes revealed each contained one bundle wrapped in aluminum foil. Removal of the aluminum foil revealed various denominations of United States currency totaling $26,080 (the Defendant Property). Notably, the currency consisted mainly of $20 bills, making up $24,720 of the $26,080 found. Narcotics traffickers are known to use low denominations of currency to conduct business, and Postal Inspectors have found that, in most cases, narcotics payments are primarily made in twenty-dollar denominations.

19. The parcel did not contain any notes, receipts, invoices, waybills, instructions, or other documents. PI Hodges knows from his training and experience that legitimate business that mail anything to customers customarily include a note, receipt, card, or other paper documenting the shipment and the contents of the parcel, and providing instructions should the customer wish to return the item(s). Legitimate businesses that mail cash or monetary instruments likewise normally include a

note, receipt, or other writing documenting the contents of the package, the exact amount of cash contained, and instructions. In contrast, individuals who traffic in controlled substances do not include such documents and actually avoid including any documents that could be used to associate them with the currency.

20. Postal Inspectors queried California EDD for information relating to employment within the State of California for John Clark, the alleged intended recipient of the parcel. The only evidence of work history for John Clark with the State of California was employment at a temp agency located in Carpinteria, California (located in southeastern Santa Barbara County) in the second, third, and fourth quarters of 2019. No record of employment in California were found for 2020, and no evidence of residence by John Clark in California (utility bills, etc.) was found at 1792 Beverly Dr., Arcata, CA (the recipient address of the parcel), or any other address in California, in 2020 or in any other year.

21. Notably, a criminal history check of John Clark revealed three prior drug-related arrests: a 2014 arrest for possession of marijuana and a 2015 arrest for fleeing and evading police and possession of drug paraphernalia in the State of Kentucky; and a 2020 arrest for possession of marijuana in the State of Missouri.

22. PI Hodges knows from his training and experience that Northern California, and in particular Humboldt County, is a source of high-grade marijuana sold illegally by narcotics traffickers throughout the United States. The marijuana is often shipped to destination locations, including Kentucky, and the proceeds of the sale of the marijuana are subsequently returned to California via U.S. Mail.

23. A search of public records databases revealed that the corrected sender address listed on the parcel (939 Samuel Street, Louisville, KY 40204) is associated with a defunct business named Clark Property Solutions LLC. Public records reveal that business has been inactive since 2015. Postal Inspectors examined public records and databases such as Clear and Accurint, but was unable to locate

any evidence of any other businesses associated with John Clark.

24. Accordingly, no record can be found evidencing a legitimate source of income for John Clark in 2020, and no records can be found from any recent years evidencing sufficient legitimate income to explain his actual or anticipated possession of the Defendant Property. His repeated arrests for marijuana possession, including the latest in 2020, confirm that the only explanation for his connection with the Defendant Property is that the Defendant Property constitutes the proceeds of marijuana sales and/or was intended to purchase marijuana.

25. Postal Inspectors maintained custody and control of the currency following execution of the search warrant until it was transported to Loomis. Once there, the currency was counted and confirmed to be $26,080.00.

26. The USPS timely initiated administrative forfeiture proceedings against the Defendant Property. Notice of seizure and intent to forfeit was sent to all known potential claimants. On August 14, 2020, the USPS received a timely claim for the Defendant Property from John Clark, via his attorney. Pursuant to 18 U.S.C. § 983(a)(3)(A) the United States thereafter had ninety (90) days within which to initiate judicial forfeiture proceedings. The instant complaint is filed within that 90-day time limit.

**CLAIM FOR RELIEF**

1. The United States incorporates by reference the allegations in paragraphs 1 through 32 as though fully set forth herein.

2. Title 21, United States Code, Section 841(a) prohibits the manufacture, distribution, or dispensing, and possession with the intent to distribute a controlled substance.

3. Title 21, United States Code, Section 846 makes it a crime to attempt or to conspire to violate Title 21, United States Code, Chapter 13, Subchapter I, including Title 21, United States Code, Sections 841(a).

4. Title 21, United States Code, Section 853 provides that any person convicted of violating (among other things) Title 21, United States Code, Sections 841(a) and 846 shall forfeit any property constituting or derived from any proceeds the person obtained, directly or indirectly, as the result of that violation, and any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of that offense.

5. Title 21, United States Code, Section 881(a)(6), provides, in part, for the forfeiture of all moneys, securities or other things of value furnished or intended to be furnished to a person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Chapter 13, Subchapter I, including violations of Title 21, United States Code, Sections 841(a) and 846.

6. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the Defendant Property represents proceeds traceable to money, securities or other things of value furnished to a person in exchange for a controlled substance, or intended to do so, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Sections 853 and 881(a)(6).

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the Defendant Property; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court enter judgment forfeiting the Defendant Property; and that the United States be awarded such other relief as may be proper and just.

DATED: November 12, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Karen D. Beausey
Assistant United States Attorney

**VERIFICATION**

I, United States Postal Inspector Mark Hodges, state as follows:

1. I am a Postal Inspector with the United States Postal Inspection Service. I am a case agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained therein to be true.

* * * * *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of November, 2020, in ____Richmond____ California.

Postal Inspector Mark Hodges
United States Postal Inspection Service

JS-CAND 44 (Rev. 10/2020)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

AUSA Karen Beausey
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

## DEFENDANTS

$26,080 in United States Currency

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment Of Veteran's Benefits
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury -Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury – Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities–Employment
- ☐ 446 Amer. w/Disabilities–Other
- ☐ 448 Education

**PRISONER PETITIONS**

**HABEAS CORPUS**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**OTHER**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
- ☒ 625 Drug Related Seizure of Property 21 USC § 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC § 158
- ☐ 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent—Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC § 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation–Transfer
- ☐ 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title 21, United States Code, Sections 853 and 881(a)(6)

Brief description of cause:
Drug Forfeiture

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)** ☒ **SAN FRANCISCO/OAKLAND** ☐ **SAN JOSE** ☐ **EUREKA-MCKINLEYVILLE**

**DATE** 11/12/2020 **SIGNATURE OF ATTORNEY OF RECORD**

